IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MEENAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN PALAKOVICH, et al. | : | NO.  08-2950 |

## REPORT AND RECOMMENDATION

**ELIZABETH T. HEY**
**UNITED STATES MAGISTRATE JUDGE**                              **April  7, 2009**

This is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254, by an individual currently incarcerated at the State Correctional Institution at

Camp Hill, Pennsylvania.  For the reasons that follow, I recommend that the petition be

denied.

## FACTS AND PROCEDURAL HISTORY:

On June 30, 2005,[1] Meenan pled guilty or nolo contendere to a total of thirty-five

charges including rape, statutory sexual assault, involuntary deviate sexual intercourse,

and indecent assault.  The charges arose from Meenan's activities with five adolescent

boys, aged twelve to seventeen, over several years.  <u>N.T.</u> 6/30/05 at 2-7; 2/23/06 at 41-42;

<u>Commonwealth v. Meenan</u>, 2005-3550, Criminal Complaint.

---

[1]Although the transcript is dated December 5, 2005, the guilty plea took place on
June 30, 2005.  December 5, 2005 was the day the transcript was sent out.  <u>N.T.</u> 5/3/97 at
17-18.

After the plea, the Honorable Kenneth G. Biehn, Court of Common Pleas of Bucks County, directed the State Sexual Offenders Assessment Board ("Board") to perform an assessment to determine whether the court should classify Meenan as a Sexually Violent Predator ("SVP") pursuant to Pennsylvania's Registration of Sex Offenders Act ("Megan's Law"), 42 Pa. C. S. A. § 9795.4.[2]  On February 23, 2006, Judge Biehn held a hearing at which Dean Dickson, a licensed psychologist and member of the Board, testified.  On March 19, 2006, Judge Biehn found Petitioner to be an SVP. Commonwealth v. Meenan, No. 3550/2005, Findings of Fact and Conclusions of Law (Bucks C.C.Pl. Mar. 19, 2006) (Biehn, J.).

On May 3, 2006, Judge Biehn sentenced Petitioner to five-to-ten years' imprisonment on each of Counts One (rape of J.M.), Two (rape of F.R.), Ten (IDSI involving C.S.), and Thirteen (IDSI involving J.S.), and one-to-two years' imprisonment on Count Twenty-One (indecent assault of J.C.).  N.T. 5/3/06 at 21-22.  The transcript reflects that the sentence on Count Two was "to run concurrent" to the sentence on Count One, and that the sentences on all other counts were "to run consecutive."  Id.  However,

---

[2]A hearing to determine whether a defendant is a SVP is a component of Pennsylvania's Megan's Law.  The statute defines a SVP as "[a] person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a [SVP] under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses."  Id. § 9792.  Designation as a SVP results in certain enhanced reporting requirements and other consequences under the statute.  Id. § 9796.

when Judge Biehn announced the aggregate sentence he said that Petitioner "will receive an overall sentence of 21 to 42 years," which does not reflect any concurrency in the sentences. Id. at 22.

Meenan did not file a direct appeal.[3]  However, on March 15, 2007, Meenan filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, claiming that his plea counsel was acting with a conflict of interest, failed to present mitigating evidence, and allowed Meenan to plead guilty when he was emotionally unstable.  He also claimed that the prosecutor biased the court by presenting evidence of an overturned 1987 conviction and argued that the aggregate sentence was harsh and excessive.  The court appointed counsel and held a hearing on May 3, 2007, at which plea counsel and Meenan testified.   At the conclusion of the hearing, Judge Biehn denied the PCRA petition. N.T. 5/3/07 at 50-51.  The following day, appointed counsel requested to withdraw by filing a Finley letter.[4]  On May 21, 2007, Judge Biehn granted

_____

[3]On May 9, 2006, Meenan, through counsel, filed post-sentence motions, arguing that Pennsylvania's Megan's Law was unconstitutional and challenging his sentence as excessive. See Commonwealth v. Meenan, No. 3550/2005, Post-Sentence Motions (Bucks C.C.Pl. May 9, 2006).  Neither the docket nor any subsequent state court opinions reflect that any decision was ever rendered on the motions.  Although a hearing on the motions was scheduled for July 24, 2006, see Commonwealth v. Meenan, No. 3550/2005, Order (Bucks C.C.Pl. Jun. 23, 2006), there is no docket entry for that date and no transcript of the hearing is contained in the state court record.

[4]Pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a "no merit" letter that details the nature and extent of his review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record

appointed counsel's motion to withdraw.  Judge Biehn memorialized his decision denying the PCRA petition in an opinion dated May 24, 2007.  Commonwealth v. Meenan, No. 3550/2005, Opinion (Bucks C.C.Pl. May 24, 2007).

Meenan filed a timely appeal, claiming that the prosecutor impermissibly referred to a 1987 conviction that had been overturned, and that the sentence was excessive.  On November 29, 2007, the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Meenan, No. 1395 EDA 2007 (Pa. Super. Nov. 29, 2007).  Meenan did not seek further review in the Pennsylvania Supreme Court.

On June 18, 2008,[5]  Meenan filed this petition for habeas corpus along with a brief in support of the petition, claiming that the prosecutor's impermissible reference to a prior overturned conviction tainted the court, that the sentence was excessive, and the sentencing record is in error because the judge stated concurrent rather than consecutive sentences for Counts One and Two.  The District Attorney has responded that Meenan's claims of prosecutorial misconduct and an excessive sentence are meritless, and the claim regarding an error in the sentencing record is unexhausted, procedurally defaulted, and, in

---

and must agree with counsel that the petition is meritless before dismissing the petition.

[5]Although Meenan's petition was docketed on June 24, 2008, the federal court deems a pro se petitioner's habeas petition filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Here, Meenan signed the petition on June 18, 2008, and stated in his supporting brief that he placed it in the institutional mailbox on June 18, 2008.

any event, frivolous.  Meenan subsequently filed a traverse.  The petition is now ripe for
review.

## DISCUSSION

### A.    Statute of Limitations

Although the District Attorney concedes that Meenan's habeas petition was timely,
after reviewing the state court record, I believe the issue warrants discussion.  After
Meenan was sentenced on May 3, 2006, counsel filed post-sentence motions on his
behalf.  The docket reflects that a hearing was scheduled for June 24, 2006.  However, no
further information regarding the disposition of the post-sentence motions exists on the
docket or in the record.[6]  By operation of Pennsylvania law, the post-sentence motions
were deemed denied on September 6, 2006.  See Pa. R.Crim. P. 720(B)(3)(a) (post-
sentence motions deemed denied if court fails to rule withing 120 days of filing).  Thus,
Meenan's conviction became final on October 6, 2006, when the time to file a direct
appeal in the Superior Court expired.  See Pa. R.Crim. P. 720(A)(2)(b) (allowing 30 days
for the filing of appeal after post-sentence motions denied by operation of law).

On March 15, 2007, one-hundred ninety days after the habeas limitations period
began to run, Meenan filed a PCRA petition.  This tolled the limitations period.  See 28
U.S.C. § 2244(d)(2) (time during which a properly filed state post conviction petition is

_____

[6]My office contacted the Assistant District Attorney who responded to the petition
and we were informed that they too, have no information regarding the disposition of the
post-sentence motions.

pending is tolled).  The Superior Court upheld the denial of PCRA relief on November

29, 2007.  Commonwealth v. Meenan, 1395 EDA 2007 (Pa. Super. Nov. 29, 2007).

Therefore, the limitations period resumed running on December 29, 2007, when the time

for seeking review in the Pennsylvania Supreme Court expired.  Swartz v. Meyers, 204

F.3d 417, 421 (3d Cir. 2000) (time for seeking review is tolled even if review is not

sought).  At that point, Meenan had 175 days -- or until June 22, 2008 -- to timely file a

habeas petition.  As previously discussed, Meenan's habeas petition is deemed filed at the

time he placed it in the prison mail for delivery, June 18, 2008.  Thus, his habeas petition

was timely filed with four days to spare.[7]

**B.    Exhaustion and Default**

A federal court, absent unusual circumstances, should not entertain a petition for

writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement

of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under section 2254(c), a petitioner will

not be deemed to have exhausted available state remedies if he had the right under the law

of the state to raise, by any available procedure, the question presented, but failed to do

so.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner

has exhausted his state remedies, but also whether he has properly exhausted those

remedies, i.e., whether he has fairly presented his claims to the state courts"); see also

---

[7]In calculating the limitations period, the District Attorney mistakenly omits the
time which elapsed prior to Meenan's PCRA filing.  See Resp. at 13.

Picard v. Connor, 404 U.S. 270 (1971).  "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights."  Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)).  The habeas corpus petitioner has the burden of proving exhaustion.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile.  Lambert, 134 F.3d at 518-19.  Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default.  As the Third Circuit has held,

> claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default."

Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (quoting McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991). The "cause and prejudice" standard applies whether the default in question occurred at trial, on appeal, or on state collateral attack.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

To meet the "cause" requirement for procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Werts, 228 F.3d at 192-93 (quoting Murray v. Carrier,

7

477 U.S. 478, 488 (1986)).  For example, a petitioner can meet the cause burden by showing that a claim was not reasonably available or that government conduct made the claim impractical.  See id. (citing Carrier, 477 U.S. at 488).

With regard to the prejudice requirement, a habeas petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Werts, 228 F.3d at 193 (quoting Carrier, 477 U.S. at 494).  This standard essentially requires the petitioner to show that he was denied "fundamental fairness" at trial.  Id.

In the alternative, if the petitioner fails to demonstrate cause and prejudice to excuse the default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 748.  In order to satisfy this exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496).  In other words, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Id.

### C.   Standard of Review for Claims Addressed on the Merits

The federal courts' habeas review is limited in nature.  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254.  Werts, 228 F.3d at 195.  The AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts.  Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).  Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts, 288 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon the new statutory language in Williams v. Taylor, 529 U.S. 362 (2000).  The Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a

case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.  With respect to "the  'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.  As the Third Circuit has noted, "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

With the above principles in mind, I turn to Meenan's claims.

**D.    Claims**

**a.    Prosecutorial Misconduct and Excessive Sentence**

Meenan's first two claims are intertwined.  Meenan argues that the prosecutor impermissibly referred to a 1987 conviction, which had been overturned on appeal.  The thrust of Meenan's claim is that the mention of the earlier conviction prejudiced the court against him, causing the judge to impose an excessive sentence.  Meenan presented this

claim in his PCRA appeal.  <u>See</u> PCRA Pet. at 9; Superior Ct. Br. at 4, 7, 8-9.  Therefore,

it is exhausted.

At the plea hearing, the prosecutor recited the factual basis supporting the charges,

detailing Meenan's sexual abuse of the boys over several years, including Meenan's

befriending the boys and their families as a means of gaining access to them.  <u>N.T.</u>

6/30/05 at 7-14.  The prosecutor then added that one of the investigating officers

> ascertained that Meenan was tried and convicted in Bucks
> County Court in 1987 for sexual offenses against teenage
> boys in 1986. [The officer] reviewed the trial transcripts from
> those offenses and they said that Meenan attempted to
> befriend their families and slept at their houses or the houses
> of their teenage friends after drinking too much alcohol.  One
> boy testified that he woke up in --

<u>Id.</u> at 14-15.  Defense counsel broke in to object, pointing out that the conviction had

been overturned.[8]  The court stopped the prosecutor from proceeding with any

information about the prior charges.

> THE COURT:  I will not get into that.  There are new
> charges here.

---

[8]In 1987, Meenan was convicted of one count each of involuntary deviate sexual
intercourse and indecent assault, and three counts of corruption of minors.
<u>Commonwealth v. Meenan</u>, CP 09-CR-0006332-1986, Docket Entry (Bucks C.C.Pl. Mar.
24, 1987).  On December 8, 1988, the Superior Court reversed the conviction and
remanded the case for separate trials, finding that Meenan was prejudiced by the
consolidated trial involving three victims.  <u>Commonwealth v. Meenan</u>, 559 A.2d 964 (Pa.
Super. Dec. 8, 1988) (table).  On remand, Meenan pled guilty to two counts of corruption
of minors.  <u>Commonwealth v. Meenan</u>, CP-09-CR-0006332-1986, Docket Entry (Bucks
C.C.Pl. Nov. 13, 1989).

> [PROSECUTOR]: I brought that up for the common scheme and
> design.
> THE COURT:  Common scheme and design isn't important.  He
> admitted he did --

Id. at 15.  Meenan argues that the prosecutor's reference to his overturned 1987

conviction had a prejudicial impact on the judge in imposing sentence.

Meenan does not explain how the reference to the 1987 conviction at his plea

hearing on June 30, 2005, prejudiced him during his sentencing hearing on May 3, 2006.

As stated, the judge immediately sustained the defense objection at the plea hearing,

stating "I will not get into that.  There are new charges here."  N.T. 6/30/05 at 15.

Similarly, at the Megan's Law hearing on February 23, 2006, the trial judge again refused

to allow the prosecutor to refer to the overturned 1987 conviction, and also required the

prosecutor to direct the Board psychologist to render an opinion without reliance on it.

N.T. 2/23/06 at 2-3, 11, 25.

At the sentencing hearing, the prosecutor made no reference to the prior case.

However, during Meenan's allocution, and in response to Meenan's explanation that he

loved the boys and that he was drinking during his offenses and therefore was not aware

of the damage he was doing to them, the trial court asked Meenan about the prior case.

> THE COURT:  In 1986 you went through this and you
> were convicted and interestingly enough five victims were
> involved as well as this, and you said that you -- you admit --
> there were two victims, you loved those two victims as well,
> in 1986.
> MR. MEENAN:  Yes.

> THE COURT:  Did you realize back then, when you
> were sentenced and spent time in jail, that may be this was
> destructive to them?
> MR. MEENAN:  Yes.
> THE COURT:  So how long after going through
> everything that you went through yourself, and then having
> done this 20 years ago to other kids whom you say that you
> love and spent time in jail, how did you reach the conclusion
> that you were not going to change your life at that point?
> MR. MEENAN:  I wanted to.  I stopped drinking for a
> while.  I was trying to look for a way to continue to help
> myself, and I went back on the drinking, and I continued
> drinking and drinking more, and drink became my life.  I
> didn't know how to stop or didn't know what to do.

N.T. 5/3/06 at 15-16.  Then, after Mr. Meenan completed his presentation by answering

his lawyer's questions about not being able to get treatment, the court responded to Mr.

Meenan in preparation for imposing sentence.

> THE COURT:  I mean your modus operandi now is the
> same as it was twenty years ago with kids that became friends,
> or working your way into and pretending that you are friends
> with them, and your family and people like you who are
> predators have a way of being able to find the gullible kids.
> . . . There must be some instinct that you have with kids that
> are vulnerable and looking for love, have family problems, or
> behavioral problems of it's [sic] own, but you did that, you
> did that in this case just like you did years ago. . . .

Id. at 19-20.  There was no objection to the trial judge's questions or comments.

Meenan makes no argument that the judge's comments at the sentencing hearing

were improper in and of themselves.  Rather, Meenan points back to the prosecutor's

reference at the plea hearing ten months before as somehow unfairly prejudicing the

sentencing hearing.  This argument makes little sense.  In answering the judge's

questions, Meenan essentially admitted that he had committed similar conduct in the prior

case, and in fact after the remand, he pled guilty to corruption of a minor with respect to

two boys in that case.  Certainly, there is no legal principle that would prevent the judge

from knowing at the time of sentencing that Meenan was previously charged with

criminal conduct and the outcome of those charges.  Rather, the trial court was entitled to

review Meenan's prior criminal convictions and other criminal activity in passing

sentence.  See Commonwealth v. P.L.S., 894 A.2d 120, 131 (Pa. Super. 2006) (citing

inter alia,  Commonwealth v. Frank, 577 A.2d 609, 622 (Pa. Super. 2006) (court "may

consider uncharged criminal activity in determining the appropriate sentence");

Commonwealth v. Palmer, 462 A.2d 755, 762 (Pa. Super. 1983) ("A court may consider

criminal activity or preparation for crimes as factors in sentencing even though no arrest

or conviction resulted.")); see also United States v. Warren, 186 F.3d 358, 365 (3d Cir.

1999) (district court can consider defendant's background character, conduct, and prior

criminal activity at sentencing so long as the information is reliable).  Thus, the court's

consideration of the prior criminal conviction and conduct in sentencing Meenan was

proper.

　　　　Turning to Meenan's prosecutorial misconduct claim, the Superior Court found the

prosecutor's statements had only a de minimis effect on the proceedings.

> 　　　　To the extent the prosecutor's statement of fact was
> incomplete, that is to say, failed to indicate the prior
> conviction had been overturned, any prejudice was *de minimis*
> as the sentencing court specifically stated on the record that it

> was not interested in any prior case, and this Court has found
> that a trial judge is presumed to ignore any potentially
> prejudicial information and remain objective in weighing the
> evidence. . . .  While a claim that the sentencing court relied
> on impermissible factors raises a substantial question . . . , the
> record belies any argument that the court relied on the
> misstatement of the Commonwealth.  The sentence imposed
> by the court was well within the standard guideline range and,
> as the sentencing court reasoned, provided just punishment
> for the trauma inflicted upon [Meenan's] youthful, trusting
> victims.

Commonwealth v. Meenan, 1395 EDA 2007, at 5-6 (Pa. Super. Nov. 29, 2007).

In the federal context, claims of prosecutorial misconduct are governed by Darden

v. Wainwright, 477 U.S. 168, 181 (1986), in which the Supreme Court held,

> it "is not enough that the prosecutors' remarks were
> undesirable or even universally condemned." . . .  The
> relevant question is whether the prosecutors' comments "so
> infected the trial with unfairness as to make the resulting
> conviction a denial of due process."

Id. at 181 (quoting Darden v. Wainwright, 699 F.2d 1031, 1036 (11th Cir. 1983);

Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  Thus, "Supreme Court precedent

counsels that the reviewing court must examine the prosecutor's offensive actions in

context and in light of the entire trial, assessing the severity of the conduct, the effect of

the curative instructions, and the quantum of evidence against the defendant."  Moore v.

Morton, 255 F.3d 95, 107 (3d Cir. 2001).  Darden's rationale is equally applicable to

sentencing proceedings.  See Romano v. Oklahoma, 512 U.S. 1, 11 (1994) (the question

is whether the prosecutor's actions "so infected the sentencing proceeding with unfairness as to render the jury's imposition of the death penalty a denial of due process").

Here, the Superior Court concluded that any prejudice caused by an incomplete statement by the prosecutor regarding the prior, overturned conviction was de minimis because the trial court did not rely on the prosecutor's statement. Although I agree that any prejudice was de minimis, I do so for reasons that differ from those expressed by the Superior Court. As previously discussed, I believe the sentencing court did consider Meenan's prior conduct, as was evidenced by the trial judge's questioning of Meenan at sentencing. However, there was nothing impermissible in the court's consideration of the prior case at sentencing, and information about that prior case was properly in the sentencing record, separate and apart from the prosecutor's reference ten months earlier. See P.L.S., 894 A.2d at 131 (alleged involvement in prior criminal activity for which defendant was not charged, tried, or convicted relevant to consideration of protection of the public in sentencing). Thus, the prosecutor's mention of the prior conviction/prior criminal activity, upon which the court could rely in sentencing Meenan, did not render Meenan's sentence fundamentally unfair.

Moreover, the sentences imposed were within the statutory limits, see 18 Pa. C.S.A. § 1103(1) (authorizing a twenty-year sentence for a first degree felony); 18 Pa. C.S.A. 1104(2) (authorizing a two-year sentence for a misdemeanor of the second

16

degree), and, as noted by the Superior Court, within the standard sentencing range.[9]

Thus, Meenan has failed to show how the prosecutor's mention of a fact that the court

could consider in sentencing him rendered the sentencing proceeding unfair.[10]

    **b.**    **Improper Sentence Calculation**

      Finally, Meenan complains that the sentencing record is in error.  Meenan sexually

abused five boys.  With respect to the more serious charges involving four of the boys,

the judge imposed four sentences of five-to-ten years each, and he imposed one sentence

of one-to-two years on the less serious count involving the fifth boy.  At sentencing the

judge stated that the five-to-ten year sentence on Count Two was "to run concurrent,"

whereas all other sentences were "to run consecutive."  N.T. 5/3/06 at 21.  Yet, when the

---

[9]To the extent Meenan's claim can be read to present an Eighth Amendment challenge to his sentence, he is not entitled to relief.  First, Meenan never presented this claim to the state courts in terms of a constitutional claim of cruel and unusual punishment.  Rather, he argued that the sentencing judge imposed an excessive sentence based on a prior, overturned conviction.  See Commonwealth v. Meenan, 1395 EDA 2007, Appellate Br. at 7.  Moreover, Meenan's sentence does not implicate the Constitution.  "A federal court will not reevaluate a sentence in a habeas proceeding unless it exceeds the statutory limits."  Capers v. Rogers, No. 05-1567, 2006 WL 2806361 *14 (D.N.J. Sept. 26, 2006) (citing Jones v. Superintendent of Rahway Prison, 725 F.2d 40 (3d Cir.1984)); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir.1984) cert. denied, 469 U.S. 1229 (1985) ("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits.").

[10]Meenan also casts his prosecutorial misconduct argument in terms of a violation of the prohibition against double jeopardy.  Pet. Memo. at 10.  He presented this theory to the Superior Court in his PCRA appeal, as well.  Commonwealth v. Meenan, 1395 EDA 2007, Appellate Br. at 4.  Because the sentencing court can consider prior criminal activity in determining a sentence, no violation of double jeopardy occurred.

judge pronounced the total sentence, the calculation provided for fully consecutive sentences.  Id. at 22 ("You will receive an overall sentence of 21 to 42 years.").  Meenan did not previously raise this claim, and the District Attorney argues that it is procedurally defaulted.  Resp. at 17-23.

Because Meenan has not exhausted this claim and would be barred from now seeking relief in the state court, see 42 Pa. C.S.A. § 9545(b) (imposing a strict one-year statute of limitations on PCRA petitions), the claim is defaulted.  Werts, 228 F.3d at 192. However, as previously discussed, a procedural default will be excused if the petitioner establishes cause for the default and resulting prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, requiring a showing of actual innocence.  See Werts, 228 F.3d at 192-93; Schlup, 513 U.S. at 327.  Here, Meenan explains that he was unable to present this claim because the state refused to provide Meenan with a copy of the sentencing transcript.  Pet. Memo. at 5-6.  If this were true, such an allegation could provide cause to excuse the default.  See McCowin v. Scott, 67 F.3d 100, 102 (5th Cir.1995) ("[A] prisoner's lack of access to a transcript cannot constitute cause . . . unless the prisoner shows that the state refused his request for a transcript or that such a request would have been useless because the state routinely denies transcripts to prisoners."); Krimmel v. Hopkins 56 F.3d 873, 877 (8th Cir. 1995) (evidence of request and denial of transcript necessary to show cause); McCoy v.

Newsome, 953 F.2d 1252, 1260 (11th Cir. 1992) (showing of denial of access to transcript necessary to show cause).

I do not find that Meenan's allegation that he was denied a transcript establishes cause on this record.  First, the error would have been obvious to Meenan and his attorney during the hearing itself, yet they made no objection nor filed an appeal.  Also, the record suggests that, in fact, Meenan was provided a copy of the transcript.  The state court record includes an October 30, 2006 request from Meenan for a docketing statement and the transcript from the sentencing.  Commonwealth v. Meenan, State Court Record, Doc. 16 at 2.  A copy of the November 14, 2006 response indicates that the Clerk of Court sent Meenan a copy of the docket entries and a copy of the notes of testimony from the sentencing.  See Commonwealth v. Meenan, State Court Record, Doc. 16 at 1.  Thus, it appears that Meenan was sent a transcript of the sentencing long before filing his PCRA petition on March 15, 2007.[11]

In any event, it is clear that Meenan is not entitled to relief on his sentencing error claim.  Although Meenan correctly points out a discrepancy occurred during the sentencing hearing -- the judge stated that the sentences on Counts One and Two were concurrent, but then announced an aggregate sentence that had all sentences running

---

[11]Meenan again requested the sentencing transcript on November 28, 2006. Commonwealth v. Meenan, State Court Record, Doc. 18 at 2; see also Traverse at 3.  At that point, the Clerk of Court directed Meenan to the stenographer to obtain the transcripts.  Commonwealth v. Meenan, State Court Record, Doc. 18 at 1.

consecutively -- the written sentence controls in his case. "Under Pennsylvania law, when there are disparities between the sentence as orally pronounced and the written sentence, the written sentence controls." Cathey v. Klem, No. 06-3384, 2007 WL 1965534, at *1 n.3 (E.D. Pa. Jul. 3, 2007) (Padova, J.) (citing, inter alia, Commonwealth v. Isabell, 503 Pa. 2, 467 A.2d 1287, 1293 (Pa. 1983) (holding that generally the signed sentencing order controls over oral statements); Commonwealth v. Gordon, 897 A.2d 504, 507 n.7 (Pa. Super. 2006) (stating that the written sentence always controls where there is a discrepancy between the written sentence and the oral sentence); Marelia v. Hill, 177 Pa. Super. 520, 110 A.2d 832, 833 (Pa. Super. 1955) ("Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are not part of the judgment of sentence.")).

Here, I requested and received copies of the Criminal Court Sheet, signed by the sentencing judge, and the Court Commitment Sheet. See Attachments to Report. The Criminal Court Sheet contains the notation "consec" next to Counts 2, 10, 14, and 21. In addition, both the Criminal Court Sheet and the Court Commitment Sheet show that Meenan was sentenced to an aggregate term of 21-to-42 years, establishing that all of the sentences were to run consecutively. Thus, Meenan has no basis for relief.

## CONCLUSION

Whether considered under the auspices of prosecutorial misconduct, double jeopardy, or as an excessive sentence, Meenan's claim that the trial court imposed a harsh

sentence based on the prosecutor's reference to a prior, overturned conviction, is without

merit because there was nothing improper in the court's consideration of the prior

conviction/criminal activity in passing sentence.  Additionally, although there was an

inconsistency at the sentencing, the judge's written sentence controls and unambiguously

indicates that Meenan's sentences were to run consecutively.

Therefore, I make the following:


**R E C O M M E N D A T I O N**


AND NOW, this       7th           day of       April                   , 2009, IT IS

RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be

denied.  There has been no substantial showing of the denial of a constitutional right

requiring the issuance of a certificate of appealability.  Petitioner may file objections to

this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely

objections may constitute a waiver of any appellate rights.


/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

21